OPINION
{¶ 1} This matter is before the Court on the pro se Notice of Appeal of Michael G. Hamilton, filed March 8, 2006. On October 17, 1991, a Clark County jury found Hamilton guilty of rape, in violation of R.C.2907.02, abduction, in violation of R.C. 2905.02, assault, in violation of R.C. 2903.13, and gross sexual imposition, in violation of 2907.05. Hamilton's conviction was affirmed in 1992, and his denial of post-conviction relief was affirmed in 1996.
 {¶ 2} On October 24, 2005, Hamilton filed an Application for DNA testing. On November 4, 2005, the State filed a "Determination by prosecuting attorney under R.C. 2953.75," which provides as follows: "The attached two pages of a computer print-out obtained from the Clark County Sherif s Office indicate that a rape kit and blood sample were obtained but that the rape kit was `released to Mitch for Court' and then released to the victim and that the blood sample was destroyed. The prosecuting attorney is advised that the Clark County Sheriff s Office is normally the only law enforcement authority from which the material sought could be obtained. Notwithstanding this advice, additional efforts were made to determine if any court reporter who may have had contact with this case could produce the rape kit or find out where any DNA sample might be. All these efforts proved fruitless, and it appears that the rape kit with the DNA sample is no longer in existence."
 {¶ 3} On February 17, 2005, the trial court issued a Decision and Entry Rejecting Inmate's Application for DNA Testing. The court accepted "the determination of the prosecuting attorney that the biological material does not exist to be tested." The court found Hamilton's claims that the prosecutor did not exercise due diligence in making his Determination to be "speculative," and it noted that the "state does not have a duty to preserve evidence indefinitely after a conviction has become final, as is the case here." Finally, the court noted that there was "no showing that the evidence here was lost or destroyed by any act of bad faith on the part of the prosecuting attorney."
 {¶ 4} Hamilton asserts two assignments of error which we will address together. They are as follows:
 {¶ 5} "THE TRIAL COURT ERRED IN IT'S DETERMINATION IN RELYING SOLELY ON THE PROSECUTOR'S REPORT AND DETERMINATION TO DENY APPELLANT'S APPLICATION FOR DNA TESTING IN VIOLATION OF ORC 2953 72(C) AND 2953.74, WHEN BAD FAITH, WITHHOLDING OR NOT PRESERVING MATERIAL EVIDENCE IS PREVALENT AND IN DIRECT VIOLATION OF APPELLANT'S FOURTEENTH AMENDMENTS RIGHTS TO THE UNITED STATE CONSTITUTION " And,
 {¶ 6} "THE TRIAL COURT ERRED BY FAILING TO MAKE IT'S DETERMINATION IN ACCORDANCE WITH THE CRITERIA AND PROCEDURES SET FORTH IN ORC 2953 73(D), 2953 74(A)(B), IN VIOLATION OF DUE PROCESS AND EQUAL PROTECTION OF THEFOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION."
 {¶ 7} Hamilton forced the victim herein to perform oral sex on him, and she was diagnosed with gonorrhea in her throat after the rape occurred. Hamilton had gonorrhea at the time of the offenses. He argues that DNA testing of the oral swabs that were taken as part of the rape kit will exonerate him by showing that his DNA was not in the victim's throat. The oral swabs were not tested prior to Hamilton's trial on the merits.
 {¶ 8} The trial court determined that Hamilton was eligible to request DNA testing, pursuant to R.C. 2953.72 (C). "If an eligible inmate submits an application for DNA testing under division (A) of this section, the court shall make the determination as to whether the application should be accepted or rejected. The court shall expedite its review of the application. The court shall make the determination in accordance with the criteria and procedures set forth in sections2953.74 to 2953. 81 of the Revised Code and, in making the determination, shall consider the application, the supporting affidavits, and the documentary evidence and, in addition to those materials, shall consider all the files and records pertaining to the proceedings against the applicant, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript and all responses to the application filed under division (C) of this section by a prosecuting attorney or the attorney general, unless the application and the files and records show the applicant is not entitled to DNA testing, in which case the application may be denied. The court is not required to conduct an evidentiary hearing in conducting review of, and in making its determination as to whether to accept or reject, the application. Upon making its determination, the court shall enter a judgment and order that either accepts or rejects the application that includes within the judgment and order the reasons for the acceptance or rejection as applied to the criteria and procedures set forth in section 2953. 71 to 2953.81 of the Revised Code. The court shall send a copy of the judgment and order to the eligible inmate who filed it, the prosecuting attorney, and the attorney general." R.C. 2953.73(D).
 {¶ 9} While Hamilton cites R.C. 2953.74 (A), this section of the Revised Code governs requests for subsequent testing of biological material, and it does not apply to Hamilton's request. A court may only accept an application for DNA testing if "[t]he inmate did not have a DNA test taken at the trial stage in the case in which the inmate was convicted of the offense for which the inmate is an eligible inmate and is requesting the DNA testing regarding the same biological evidence that the inmate seeks to have tested, the inmate shows that DNA exclusion when analyzed in the context of and upon consideration of all available admissible evidence related to the subject inmate's case as described in division (D) of this section would have been outcome determinative at that trial stage in that case, and, at the time of the trial stage in that case, DNA testing was not generally accepted, the results of DNA testing were not generally admissible in evidence, or DNA testing was not yet available." R.C. 2953.74(B)(1). A court may accept an application for DNA testing only if it determines that the biological material sought "still exists at that point in time." R.C. 2953.74
(C)(1).
 {¶ 10} It is clear from the record that there is no sample available for testing. The prosecutor's report indicates that the rape kit was released to "Mitch for court" on October 16, 1991, and then to the victim on November 12, 1991. The record indicates that a Detective D.J. Mitch was involved in Hamilton's prosecution. There is no indication in the record that Hamilton moved the court to preserve the evidence he seeks. Hamilton's conviction was final years ago, and the State is not required to preserve evidence indefinitely. State v. Gillespie, Montgomery App. No. 18852, 2002-Ohio-1774 (To find a due process violation, in the absence of any evidence that the State acted in bad faith to cause a loss of the evidence, "would impose upon the State an unreasonable burden to preserve evidence indefinitely in every case in which a criminal conviction has become final"). There is no evidence in the record of bad faith on the part of the State; the prosecutor's report indicates that the State contacted other people beyond the Sheriffs office in an effort to locate the evidence. There being no merit to Hamilton's assignments of error, they are overruled. Judgment affirmed.
WOLFF, P.J. and FAIN, J., concur.